UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | CASE NO.   MJ07-462 |
| ) v. ) | |
| ) ROBERT LESLIE FRANCIS, ) | DETENTION ORDER |
| ) Defendant. ) | |

Offenses charged:

    Count 1:    Possession of Visual Depiction of a Minor Engaged in a Sexually Explicit Manner, in violation of Title 18, U.S.C., Section 2252(a)(4)(B) and (b)(2);

    Count 2:    Distribution of Images Containing Minors Engaged in a Sexually Explicit Manner, in violation of Title 18, U.S.C., Section 2252(a)(2) and (b)(1).

Date of Detention Hearing: October 2, 2007

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which

DETENTION ORDER
PAGE -1-

the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Nicholas Brown.  The defendant was represented by Paula Deutsch.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed an offense addressed in the recently enacted Adam Walsh Act involving sexual exploitation of a minor.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Defendant has urged electronic home monitoring as the least intrusive means of detention.  Pretrial Services originally recommended home monitoring but has withdrawn its recommendation for release.  The Court was provided with information collected from the investigations with present grave concern about the ability to supervise the defendant. Not only is his possession of child pornography graphic, so are his annotations of his fantasies to rape children who are identified as his friends' children.  Monitoring this type of offense by restricting access to pornography is exceedingly difficult in this time of technological advancement, and the vast distribution of pornography either on television or on newsstands.  Enough is known about pedophilia to rely upon the opinion that the triggers are subtle, and that the sexual attractions are deeply intertwined in the psychological make-up.  In this case, U.S. Pretrial Services cannot address such level of intense monitoring at this time.

(3) After applying the presumptions applicable under the Bail Reform Act and its recent amendments, the Court concludes that the presumption of

detention is not overcome.  Thus, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of October, 2007.

MONICA J. BENTON
United States Magistrate Judge